UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                                   Plaintiff

v.                                                                                    Criminal Action No. 3:18-cr-0059-RGJ

CHESTER THORN                                                                                              Defendant

**MEMORANDUM OPINION & ORDER**

Defendant Chester Thorn ("Thorn") moves for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) due to his personal rehabilitation. [DE 67]. The United States responded. [DE 73]. For the reasons below, Thorn's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) [DE 67] is **DENIED.**

I.   **BACKGROUND**

In 1998, a federal grand jury indicted Thorn on the following three charges: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2); Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(D); and Possession of a Firearm in Furtherance of a Federal Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). [DE 1, Indictment]. On October 30, 2019, Thorn pleaded guilty to all three counts of the Indictment via a written plea agreement. [DE 48, Plea Agreement]. On February 19, 2020, this Court sentenced Thorn to a sentence of 24 months as to Counts 1 and 2 and 60 months as to Count 3, for a total sentence of 84 months imprisonment. [DE 57, Judgment].

On November 5, 2024, Thorn filed the present motion for reduction of sentence. [DE 67]. As grounds for his motion, Thorn cites his personal rehabilitation. [*Id*.]. Thorn is 44 years old and currently housed at McCreary USP with a release date of October 30, 2026. *See* https://www.bop.gov/inmateloc/ (last accessed February 10, 2025). Thorn has served over 4 years

1

of his sentence. The United States objects to Thorn's motion and moves to strike it for exceeding the page limits set by local rule. [DE 73].

## II.   ANALYSIS

### A. Exhaustion of Administrative Remedies

When considering a motion for compassionate release under § 3582(c)(1)(A), the Court determines as an initial matter whether the movant exhausted his administrative remedies. An inmate may seek compassionate release by the district court only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see generally United States v. Smith*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024).[1] The exhaustion requirement is mandatory, and the Court is bound to enforce it when it is properly invoked by the government. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). It is the defendant's burden to show that he has exhausted his administrative remedies. *United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020).

The United States argues Thorn has not exhausted his administrative remedies and confirmed with the Federal Bureau of Prisons that Thorn has not requested a reduction in sentence from the warden of his facility. [DE 76 at 366]. Nonetheless the United States elects to waive its enforcement in this case. *See Alam*, 960 F.3d at 834 (recognizing waiver as an exception to

---

[1] Before the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the motion was filed by the director of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

otherwise mandatory claim-processing rules). Thus, the Court will address Thorn's motion on the merits.

### B. Sixth Circuit "Three-Step Inquiry."

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants that authority in certain limited circumstances. "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). That said, district courts must "supply specific factual reasons for their compassionate release decisions." *Id.* at 1101-02.

After addressing exhaustion, district courts apply a "three-step inquiry" in considering a compassionate-release motion filed under § 3582(c)(1). *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quotation omitted). Release is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the [sentence] reduction," (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors." *McCall*, 56 F.4th at 1054 (quotations omitted). District courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking. *Elias*, 984 F.3d at 519.

The Sentencing Commission recently amended the compassionate-release policy statement to describe six categories of extraordinary and compelling reasons that individually, or in combination, may support compassionate release. The updated policy statements "provide[ ] a non-exhaustive list of various circumstances that either alone or in combination qualify as

3

extraordinary and compelling reasons for a sentence reduction." *United States v. Whitworth*, No. 1:23-CR-561-4, 2023 WL 8190131, at *2 (N.D. Ohio Nov. 27, 2023). The categories are: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury;" (5) "other reasons" similar to those in (1)–(4); and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).

The § 3553(a) factors to be considered include the prisoner's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a)(1)–(2)).

> Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions.

*United States v. Pooler*, No. 3:18-CR-00137, 2020 WL 7046964, at *5 (S.D. Ohio Dec. 1, 2020) (citing *Jones*, 980 F.3d at 1114); *United States v. Ruffin*, 978 F.3d 1000, 1008-09 (6th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable"). But post-sentencing rehabilitation, standing alone, "does not rise to the level of an extraordinary and compelling reason for granting

compassionate release." *United States v. Harper*, No. 22-1291, 2023 WL 10677931, at *3 (6th Cir. Dec. 12, 2023); *Jackson*, 2023 WL 9023349, at *2 (citing *Ruffin*, 978 F.3d at 1004).

The defendant bears the burden of establishing that he is entitled to a sentence reduction under 18 U.S.C. § 3582. *See United States v. Karr*, No. 6:17-CR-25-REW, 611 F.Supp.3d 395, 2020 WL 774363, at *6 (E.D. Ky. Feb. 18, 2020).

### 1. *Extraordinary And Compelling Justification for Compassionate Release and Consistency with United States Sentencing Policy Statement.*

Thorn submits his rehabilitation and good disciplinary history are exceptional and compelling circumstances warranting release. [DE 67 at 350]. Thorn has taken educational and self-improvement classes during his imprisonment. [*Id.*]. The Court applauds Thorn's rehabilitative actions, but it is well established that rehabilitation by itself cannot serve as independent reason for compassionate release. *Lawrence v. United States*, 570 F. Supp. 3d 524, 529 (W.D. Ky. 2021) ("rehabilitation is specifically excluded as an independent basis for compassionate release."); *United States v. Wieber*, Case No. 3:14-CR-74-TBR, 2020 WL 1492907 at *3 (W.D. Ky. Mar. 27, 2020) (collecting cases holding that rehabilitation is not a sufficient basis for compassionate release).

### 2. *Sentencing Objectives In 18 U.S.C. § 3553(a).*

Although Thorn fails to present an extraordinary and compelling circumstance for a sentence reduction, for the sake of completeness the Court examines "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 2020 WL 6817488, at *11. Under § 3553(a), there are seven factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the kinds of sentence and the sentencing range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar

records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C.S. § 3553. A court need not "specifically articulat[e]" every single Section 3553(a) factor in its analysis. *Jones*, 2020 WL 6817488, at *11. Instead, the record "as a whole" must confirm that the pertinent factors were considered by the court. *Id.* For a reviewing court, the record as a whole will constitute both the original sentencing proceeding and the compassionate release decision. *Id.* at *11–12.

Turning to the nature and circumstances of Thorn's offenses, his crimes involved possession of marijuana with intent to distribute, and possession of a firearm of which he was prohibited from possessing. [DN 48]. The court also considers the history and characteristics of the defendant. Before this case Thorn's criminal history included drug trafficking and a previous conviction for being a felon in possession of a firearm. [DE 40, PSR, ¶¶ 40-41]. Thus, Thorn had been convicted of serious and nearly identical charges in the past.

The Court has considered the § 3553(a) factors and finds that they counsel against sentence reduction. Thus, even if Thorn had presented an extraordinary and compelling circumstance to support release, the 3553(a) factors do not support release.

### III.   CONCLUSION

The Court being otherwise sufficiently advised, **IT IS ORDERED** that Thorn's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) due to his personal rehabilitation [DE 67] is **DENIED**.

Copies to:   Defendant, *pro se*